**FILED**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

AUG 1 4 2019

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | |
| THE EXTRADITION OF ) | Cause No. 4:19 MJ 6244 PLC |
| ) | |
| ADEM KOSTJEREVAC ) | |

COMPLAINT
(18 U.S.C. § 3184)

I, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1. In this matter, I represent the United States in fulfilling its treaty obligations to Bosnia and Herzegovina.

2. There is an extradition treaty in force between the United States and Bosnia and Herzegovina, as found in the Treaty between the United States and Servia for the Mutual Extradition of Fugitives from Justice, U.S.-Yugo, Oct. 25, 1901, 32 Stat. 1890 ("The Treaty"). The Treaty was in force with the former Yugoslavia and, since the dissolution of Yugoslavia, it has applied to Bosnia and Herzegovina as a successor state.

3. Pursuant to the Treaty, the Government of Bosnia and Herzegovina has submitted a formal request through diplomatic channels for the extradition of Adem KOSTJEREVAC (hereinafter "KOSTJEREVAC").

4. According to the information provided by the Government of Bosnia and Herzegovina, Bosnian authorities have charged KOSTJEREVAC, a former member of the BiH military police, with "war crimes against civilians," based on his alleged repeated, forcible rape of a pregnant civilian prisoner in the Zvornic municipality in Bosnia during the Bosnian war in 1992. The Indictment, confirmed on or about April 14, 2015 by the Court of Bosnia and Herzegovina,

specifically charges KOSTJEREVAC with acting in violation of international humanitarian law by breaching Article 3(1) and Article 27 of the Convention Relative to the Protection of Civilian Persons in Time of War, in violation of Article 142(1) of the Criminal Code of the Socialist Federal Republic of Yugoslavia ("Yugoslavia"). The charge was committed within the jurisdiction of the requesting state and remains pending.

5. A Detention Order for KOSTJEREVAC was entered on or about May 16, 2017, by a Preliminary Hearing Judge in Bosnia & Herzegovina.

6. The Indictment and Detention Order for KOSTJEREVAC was issued on the basis of the following facts.

    a. In the early 1990s, the former Yugoslavia collapsed, leading to a state of war between the country's ethnic groups. One of the constituent republics of Yugoslavia was the Socialist Republic of Bosnia and Herzegovina. KOSTJEREVAC was a member of the military police and the army of Bosnia and Herzegovina.

    b. During the war and armed conflict in Bosnia and Herzegovina, civilian victim "AO," who was three months pregnant at the time, was captured and held as a prisoner in the territory of the Zvornik municipality in the basement of a mill in the village of Bajrici. AO states that, KOSTJEREVAC—a former classmate of her husband whom she had met prior to the war and recognized as a neighbor—came into her prison room multiple times and forcibly raped her. AO has testified numerous times under oath about the assaults and has consistently identified KOSTJEREVAC by name and description as her assailant.

  c. AO described the first instance of rape with particularity. According to AO, KOSTJEREVAC came into her prison in his uniform and armed with a gun and rifle. He told her "Now you will see how a Turk fucks," and ordered her to take off her clothes, which she did, fearing for her life. KOSTJEREVAC then raped her, while biting her and telling her, "there won't be any of you left, not even in Belgrade." According to AO, she lost her pregnancy as a result of these sexual assaults.

  d. Several witnesses, as well as KOSTJEREVAC himself, corroborate AO's general account and timeline of being captured and held as a prisoner. Two witnesses provided sworn statements that KOSTJEREVAC guarded AO during a period of her captivity (and, thus, had access to her). During an FBI interview in 2014, pursuant to a Letter Rogatory to the United States requesting international legal assistance, KOSTJEREVAC denied guarding AO but confirmed that she was married to a former "school buddy" of his, and was captured and held as a prisoner during the war. He denied meeting her before the war, but acknowledged seeing her on one occasion when she was captive in the village of Bajrici, consistent with AO's account. He acknowledged seeing bruises on her at that time, but denied raping her. He instead claimed that he sent her food to eat and said "no" when others said to kill her.

  e. AO disclosed the rape contemporaneously to one witness, and to others, including her family, following her release. According to AO's psychiatric records, she has attempted suicide several times since the time of her captivity, and suffers from "sub-depressive signs and intrusive fear."

7. KOSTJEREVAC may be found within the jurisdiction of this court at 8205 Kammerer

Avenue, St. Louis, Missouri, 63123.

8. Tom Heinemann, an attorney in the Office of the Legal Adviser of the U.S. Department of State, has provided the U.S. Department of Justice with a declaration authenticating a copy of the diplomatic note by which the request for extradition was made and a copy of the Treaty, stating that the offenses for which extradition is demanded are provided for by the Treaty, and confirming that the documents supporting the request for extradition are properly certified by the principal U.S. diplomatic or consular officer in Bosnia and Herzegovina, in accordance with 18 U.S.C. § 3190, so as to enable them to be received into evidence.

9. The declaration from the Department of State with its attachments, including a copy of the diplomatic note from the requesting state, a copy of the relevant Extradition Treaty, and the certified documents submitted in support of the request (marked collectively as Government's Exhibit 1) are filed with this complaint and incorporated by reference herein.

10. KOSTJEREVAC will likely flee if he learns of the existence of a warrant for his arrest.

WHEREFORE, the undersigned requests that a warrant for the arrest of the aforenamed person be issued in accordance with 18 U.S.C. § 3184 and the extradition treaty between the United States and Bosnia and Herzegovina, so that the fugitive may be arrested and brought before this Court to the end that the evidence of criminality may be heard and considered.

*John Ware*
ASSISTANT UNITED STATES ATTORNEY

Sworn to before me and subscribed in my presence this 14 day of August, 2019, at St. Louis, MO.

*Patricia L. Cohen*
United States Magistrate Judge

4