UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | |
| The Extradition of ) | Case No. 4:19 MJ 6244 PLC |
| Adem Kostjerevac ) | |
| ) | |

## ORDER OF DETENTION

Currently before the Court is the United States' Request for Detention Pending Extradition Proceedings for Adem Kostjerevac ("Kostjerevac"). [ECF No. 5] On August 18, 2019, the United States filed a Complaint, pursuant to 18 U.S.C. § 3184, requesting a warrant for the arrest of Kostjerevac pursuant to an extradition treaty between the United States and Bosnia and Herzegovina. According to the Complaint, Bosnian authorities charged Kostjerevac, a former member of the military police, with "war crimes against civilians" based on his alleged, repeated rape of a pregnant prisoner during the Bosnian war in 1992. The Complaint also alleges that an Indictment and Detention Order have been entered against Kostjerevac by a Judge in Bosnia and Herzegovina.

### Procedural Background

Defendant was arrested in this District on August 23, 2019, and he was brought before the undersigned for an initial appearance on the Complaint. The Federal Public Defender was appointed to represent Kostjerevac. On August 27, 2019, the Court held a hearing on the United States' Request for Detention.[1] The United States was represented by AUSA John Ware. Kostjerevac was present with Assistant Federal Public Defender Kayla Williams and an interpreter

---

[1] Prior to the detention hearing, both parties were given access to a Pretrial Services Bail Report, dated August 19, 2019. (ECF No. 6) Pretrial Services recommends that Kostjerevac be detained in this matter.

was present and interpreted the proceedings between English and Bosnian. Ms. Williams met with Kostjerevac prior to the hearing with the assistance of the interpreter.

At the detention hearing, the parties understood that the typical standards under the Bail Reform Act are not applicable to extradition proceedings such as those involving Kostjerevac. Kostjerevac did not dispute the government's legal argument, as detailed in its Request for Detention, that there is a strong presumption against bail in these cases. Instead, Kostjerevac must demonstrate that (1) he is not a flight risk; (2) he is not a danger to the community; and (3) special circumstances warrant his release.

Kostjerevac's attorney argued that he is not a flight risk. When he came to the United States about 17 years ago, he did so voluntarily and not to avoid any pending charges. In addition, he has strong family ties to the St. Louis area. As for special circumstances, Kostjerevac's attorney proffered that his most prominent special circumstances all relate to health concerns: Kostjerevac has had a heart attack, he had a back surgery scheduled, and he suffers from some mental health issues that require medication.

The United States countered that health concerns are not sufficient to demonstrate special circumstances if those concerns can be addressed while in custody. To that point, the United States further explained that, upon being arrested in this matter, Kostjerevac had been cleared as "fit for confinement." The United States also argued that Kostjerevac posed a risk of flight because he was aware of the investigation in Bosnia and Herzegovina, he was directed to appear,[2] and he failed to voluntarily appear. According to the United States, only after he failed to

---

[2] The government states that Kostjerevac failed to appear in Bosnia and Herzegovina for plea proceedings in June 2016 and February 2017. On May 16, 2017, the court in Bosnia and Herzegovina ordered him arrested.

voluntarily appear in Bosnia and Herzegovina did the United States initiate the instant extradition proceedings against Kostjerevac.

Because of the unique nature of this matter, the undersigned gave Kostjerevac thirty days to supplement the record with any additional facts and circumstances that might warrant a judicial finding of "special circumstances" which would allow him to be released pending his extradition. No additional facts were proffered to the Court.   As such, the matter is ready for disposition.

## **Legal Standards**

The federal extradition statutes do not contemplate release on bail.   See 18 U.S.C. § 3181, *et seq.*; Wright v. Henkel, 190 U.S. 40, 62 (1903).   Additionally, extradition proceedings are not covered by the Bail Reform Act, 18 U.S.C. § 3141 *et seq*.   Thus, the question of bail in extradition proceedings is determined largely by federal common law.   See *In re* Rouvier, 839 F. Supp. 537, 539 (N.D. Ill. 1993).

The Supreme Court and lower federal courts have long held a strong presumption against bail in cases of extradition.   See, e.g., *In re* Sutton, 898 F. Supp. 691, 693-94 (E.D. Mo. 1995) (citing Salerno v. United States, 878 F.2d 317, 317 (9th Cir. 1989); United States v. Leitner, 784 F.2d 159, 160 (2d Cir. 1986) (per curiam)); Beaulieu v. Hartigan, 554 F.2d 1 (1st Cir. 1977).   The reasoning for this presumption was established by the Supreme Court in Wright.   The Supreme Court observed that extradition treaties impose on the United States an obligation to surrender fugitives to a treaty partner that "has done all that the treaty and the law require it to do."   190 U.S. at 62.   Releasing an extraditee on bond provides an opportunity to abscond, which would result in "serious embarrassment" to the United States and create potential reciprocal noncompliance by other countries.   United States v. Ramnath, 533 F. Supp. 2d 662, 665 (E.D. Tex. 2008) (citing Wright, 190 U.S. at 62);   See also *In re* Garcia, 761 F. Supp. 2d 468, 472 (S.D. Tex. 2010) ("The

3

'paramount importance' of an extradition treaty supports denials of bail in foreign extradition cases.") (citing Jimenez v. Aristiguieta, 314 F.2d 649, 653 (5th Cir. 1963)); In re Garcia, 615 F. Supp. 2d 162, 166 (S.D.N.Y. 2009) (discussing the United States' "overriding interest in complying with its treaty obligations"). Given this legal background, admission to bail "should be an unusual and extraordinary thing." McNamara v. Henkel, 46 F.2d 84, 84 (S.D.N.Y. 1912); see also In re Klein, 46 F.2d 85, 85 (S.D.N.Y. 1930) ("We have been admonished to exercise the power [to grant bail] very sparingly and only when the justification is pressing as well as plain."). Therefore, release on bail pending extradition should be granted only upon a showing that special circumstances exist which justify release and that the extraditee is neither a flight risk nor a danger to the community. See Garcia, 761 F. Supp. 2d at 473; Ronald J. Hedges, International Extradition: A Guide for Judges, 2014 WL 1350198  (2014).

The standard for release on bail for extraditees is "more demanding" than it is for ordinary, domestic accused criminals awaiting trial. Hu Yau-Leung v. Soscia, 649 F.2d 914, 920 (2d Cir. 1981). The burden of proof lies with the extraditee. Garcia, 761 F. Supp. 2d at 474; see also Sutton, 898 F. Supp. at 694 (discussing the fugitive's, not the Government's, arguments for special circumstances). There appears to be some disagreement over the standard of proof. Many courts do not comment on the exact standard that must be satisfied, see, e.g., Sutton, 898 F. Supp. at 691, while others have explained that the standard is clear and convincing evidence, see, e.g., In re Extradition of Nacif-Borge, 829 F. Supp. 1210, 1214-15 (D. Nev. 1993).[3] A small minority of courts have adopted a preponderance standard. See Garcia, 761 F. Supp. at 474-75 (listing cases).

---

[3] The United States' important interests in fulfilling treaty obligations, underlying the special circumstances standard, also support a heightened burden in request for bail. See Garcia, 761 F. Supp. at 475.

As noted, a person facing extradition may overcome the presumption against bail by demonstrating both that he does not pose a risk of flight or danger to the community, and that there are special circumstances that justify release.  See, e.g., Sutton, 898 F. Supp. at 694; Wright, 190 U.S. at 63; Salerno, 878 F.2d at 317; Leitner, 784 F.2d at 160.  Though the bail determination is two-pronged, it is generally best to first determine whether special circumstances exist.  In other words, even if a person does not pose a flight risk or danger, the person cannot be released absent a showing of special circumstances.  See Nacif-Borge, 829 F. Supp. at 1215-16 ("Given that special circumstances are absolutely required for bail, and that risk of flight is not determinative, the best approach first explores special circumstances, and then, only after a finding of special circumstances, examines risk of flight.").  A claim for bail will almost always fail if there is a lack of "special circumstances."  Id. at 1216.

The special circumstances determination is a discretionary decision for the Court and is assessed on a case-by-case basis.  Garcia, 761 F. Supp. 2d at 472.  There are very few circuit court bail decisions providing instruction on the "special circumstances" inquiry because the issue quickly becomes moot.  See, e.g., In re Ghandtchi, 705 F.2d 1315 (11th Cir. 1983) (holding the appeal of a magistrate's bail order moot where the extradition hearing was held and the party extradited before the circuit court could rule).  Despite limited appellate guidance, however, the lower courts agree that "special circumstances" are to be limited to the most extraordinary circumstances and cannot involve factors applicable to all potential extraditees.  Id.  Special circumstances are only to be found in those situations in which the justification for release is "pressing as well as plain," United States v. Williams, 611 F.2d 914, 915, and "when the requirements of justice are absolutely peremptory."  In re Mitchell, 171 F. 289, 289 (S.D.N.Y. 1909).

As relevant to the instant case, Kostjerevac's proffered special circumstances all relate to his health.  In Salerno, the Ninth Circuit listed a "serious deterioration of health while incarcerated" as a condition that may constitute a special circumstance, but what courts consider a serious condition varies widely.  See 878 F.2d at 317.  A review of several cases leads the Court to conclude that nondebilitating conditions that can be treated in custody do not amount to special circumstances that would give rise to a possibility of release on bail.  See, e.g., Nacif-Borge, 929 F. Supp. at 1217 (finding no special circumstance for a person with a single kidney and who required a special diet, daily exercise, and sufficient liquids, where the medical conditions could be controlled); Rouvier, 839 F. Supp. at 542 (finding that extraditee's potentially serious heart condition did not create a special circumstance because it was treatable through medication that could be provided in custody); In re Extradition of Kyung Joon Kim, 04-cv-3886, 2004 WL 5782517, at *5 (C.D. Cal. July 1, 2004) (finding that extraditee's "moderately severe" to "severe" lower back condition was not a special circumstance warranting bail where he could receive anti-inflammatory medication in custody and no doctor had stated that surgery was immediately necessary).

Kostjerevac's special circumstances—a prior heart attack, unspecified back issues, and mental health issues—are the types of health conditions that are frequently addressed adequately while a person is confined.  At the hearing, Kostjerevac's attorney proffered that he receives medication for his mental health issues.  Additionally, the Bail Report indicates that Kostjerevac suffers from diabetes (which he treats with insulin), takes medication for high blood pressure, has unspecified sight issues, and suffers from chronic neck and back issues.  The undersigned observed Kostjerevac during both his initial appearance and his detention hearing.  He did not appear to be in any serious pain or acute distress.  Kostjerevac appeared to understand the

proceedings and was able to interact appropriately with the Bosnian language interpreter who was present for his benefit.  Furthermore, although the record was held open for thirty days, Kostjerevac did not provide any additional details which would lead the Court to conclude that his conditions are so severe that they cannot be addressed while in custody.

Therefore, the undersigned finds that Kostjerevac has not shown any special circumstances that would justify his release on bail pending his extradition in this matter.[4]

Accordingly,

**IT IS HEREBY ORDERED** that, the United States' Request for Detention Pending Extradition Proceedings [ECF No. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that, Kostjerevac is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Kostjerevac must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Kostjerevac to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

 /s/ ***John M. Bodenhausen***
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of October, 2019.

---

[4] In ruling on the instant motion, the undersigned finds that, regardless of which standard of proof applies (e.g., clear and convincing or the more deferential preponderance of the evidence standard), Kostjerevac has not met his burden of demonstrating any special circumstances that would justify his release on bail.  Therefore, the Court need not consider whether Kostjerevac poses a flight risk or danger to the community.